LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| ALFREDO MARCELO AGAPITO VELASQUEZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| GARRYMORE RESTAURANT INC. d/b/a NILES, CO'R RESTAURANT L.L.C. d/b/a O'REILLY'S PUB & RESTAURANT, M.C.T. RESTAURANTS INC. d/b/a FINN MACCOOL'S, and CORNELIUS O'REILLY, | |
| Defendants. | |

_____

       Plaintiff ALFREDO MARCELO AGAPITO VELASQUEZ ("Plaintiff VELASQUEZ," or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, GARRYMORE RESTAURANT INC d/b/a NILES, CO'R RESTAURANT L.L.C. d/b/a O'REILLY'S PUB & RESTAURANT, and M.C.T. RESTAURANTS INC. d/b/a FINN MAC

COOLS (collectively, "Corporate Defendants"), CORNELIUS O'REILLY (collectively with the Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation due to time-shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation due to time-shaving, (2) unpaid spread of hours premiums, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

3.      Plaintiff additionally alleges that he and others similarly situated are entitled to damages, fees and costs under the Internal Revenue Code, 26 U.S.C. § 7434 in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

4.      The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

7.     Plaintiff VELASQUEZ is a resident of Kings County, New York.

8.     Defendant CORNELIUS O'REILLY owns and operates the below restaurants as a single integrated enterprise at the following address:

a)   Niles – 371 7th Avenue, New York, NY 10001;

b)   O'Reilly's Pub & Restaurant – 56 W 31st Street, New York, NY 10001;

c)   Finn MacCool's – 205-207 Main Street, Port Washington, NY 11050.

(collectively, the "Restaurants")

9.     The Restaurants are commonly owned and operated by Defendant CORNELIUS O'REILLY. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose:

a.   Plaintiff has been sent to pick up and drop off supplies at businesses owned by Defendant CORNELIUS O'REILLY within New York City.

Plaintiff has observed other employees being sent on similar tasks to Defendant CORNELIUS O'REILLY's Restaurants within New York City.

10.    Corporate Defendant GARRYMORE RESTAURANT INC. d/b/a NILES is a domestic business corporation organized under the laws of New York with its principal place of business at 371 7th Avenue, New York, NY 10001 and an address for service of process at c/o Cornelius O'Reilly, 54 W 31st Street, New York, NY 10001.

11.    Corporate Defendant CO'R RESTAURANT, L.L.C. d/b/a O'REILLY'S PUB & RESTAURANT is a domestic limited liability company organized under the laws of New York State with an address for service of process at 56 W 31st Street, New York, NY 10001.

12.     Corporate Defendant M.C.T. RESTAURANTS INC. d/b/a FINN MACCOOL'S is a domestic business corporation organized under the laws of New York State, with a principal place of business and an address for service of process at 205 Main Street, Port Washington, NY 11050.

13.     Individual Defendant CORNELIUS O'REILLY is an owner, principal and Chief Executive Officer of the Corporate Defendants. Defendant CORNELIUS O'REILLY exercises operational control as it relates to all employees including Plaintiff VELASQUEZ, FLSA Collective Plaintiffs, and the Class. Defendant CORNELIUS O'REILLY exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff VELASQUEZ, FLSA Collective Plaintiffs, and the Class. At all times, employees could complain to Defendant CORNELIUS O'REILLY directly regarding any of the terms of their employment, and Defendant CORNELIUS O'REILLY had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.  Moreover, Defendant self identifies as the principal of all three locations as may be seen in each locations liquor license filing. *See* **Exhibit A**.

14.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

15.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendants.

16.     Although Plaintiff VELASQUEZ did not work at all of the Restaurants, each of the Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because the Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class Members for whom Plaintiff VELASQUEZ seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiff VELASQUEZ brings claims for relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, servers, bussers, bartenders, cooks, line cooks, food preparers, cleaners, dishwashers, porters, bussers, and food runners) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18.     At all relevant times, Plaintiff VELASQUEZ and the other FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay them for all hours worked, due to Defendants' time-shaving policy. The claims of Plaintiff VELASQUEZ stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA §216(b), 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20.     Plaintiff VELASQUEZ brings claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, (including, but not limited to, servers, bussers, bartenders, cooks, line cooks, food preparers, cleaners, dishwashers, porters, bussers, and food runners) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

21.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

23.     Plaintiff VELASQUEZ's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including ( i) failing to pay overtime compensation due to time-shaving, (ii) failing to pay spread of hours premiums, (iii) failing to provide wage statements in compliance with the New York Labor Law, and (iv) failing to provide wage and hour notices upon

hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures by Defendants.

24.     Plaintiff VELASQUEZ is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff VELASQUEZ is represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

25.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect

to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a)  Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

    b)  What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

    c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

    d)  Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e) Whether Defendants failed to pay Plaintiff and the Class member all wages owed due to a policy of time-shaving;

f) Whether Defendants paid Plaintiff and the Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

g) Whether Defendants paid the "spread of hours" premiums owed to Plaintiff and the Class members working more than ten hours per day as required by New York Labor Law;

h) Whether Defendants provided to Plaintiff and the Class members proper wage and hour notices at date of hiring, as required under the New York Labor Law;

i) Whether Defendants provided proper wage statements informing the Plaintiff and the Class members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the New York Labor Law;

j) Whether Defendants provided to Plaintiff and the Class members proper wage statements with each payment of wages, as required under the New York Labor Law;

k) Whether Defendants failed to withhold taxes from the wages of Plaintiff and the Class; and

l) Whether Defendants provided Plaintiff and the Class with accurate tax statements for each tax year that they worked.

**STATEMENT OF FACTS**

28.     On or around May 2, 2016, Defendants hired Plaintiff VELASQUEZ to work as a dishwasher for Defendants' Nile's restaurant located at 371 7th Avenue, New York, NY 10001. Plaintiff's employment with Defendants was terminated in or around March 2020.

29.     Throughout Plaintiff VELASQUEZ's employment with Defendants, he was scheduled to work from 6:00 a.m. to 2:00 p.m. for eight (8) hours per day, for five (5) days per week, for a total of forty (40) hours. Additionally, Plaintiff was scheduled to work two additional shifts a week, which could fall on any day for an additional sixteen (16) hours per week.  Plaintiff's schedule consisted of fifty-six (56) hours per week.

30.     Despite this schedule, Plaintiff VELASQUEZ stayed past his scheduled shift every day for approximately thirty (30) minutes a day, because the restaurant was too busy for him to finish his job on time and sometimes he would have to wait for the dishwasher scheduled for next shift to come in.

31.     Defendants did not utilize a time keeping device and would pay employees by their shift, regardless of any hours worked beyond each shift. Therefore, Plaintiff VELASQUEZ performed two (2) hours of unpaid off-the-clock work each week, which were all overtime hours. Similarly, FLSA Collective Plaintiffs and Class members performed off-the-clock work at the end of their scheduled shifts, and were not compensated for this off-the-clock work.

32.     Throughout his employment with Defendants, Plaintiff VELASQUEZ was paid (i) in check for the first forty (40) hours he was scheduled to work per week, and (ii) Plaintiff was paid in cash for all scheduled hours in excess of forty (40) hours.  As Plaintiff was scheduled to work a two (2) additional shifts per week, Plaintiff routinely worked a schedule in excess of forty (40) hours.

33.     Similarly, FLSA Collective Plaintiffs and Class members would be paid in cash for any scheduled hours in excess of forty (40).

34.     Throughout Plaintiff VELASQUEZ's employment with Defendants, he was always paid at the minimum wage rate. FLSA Collective Plaintiffs, and Class members worked similar hours and were paid at similar rates.

35.     Additionally, Plaintiff VELASQUEZ was routinely required to transport supplies and food to Defendants' other businesses. Other employees were similarly required to transport food and supplies to and from Defendants' other businesses.

36.     Throughout Plaintiff's employment with Defendants, Plaintiff VELASQUEZ was required to work shifts exceeding ten (10) hours in duration. Despite this, he never received spread of hours premiums. Similarly, Class Members were not paid spread of hours premiums.

37.     Defendants failed to provide Plaintiff with wage notices at hiring and at dates of all wage changes thereafter, as required by the NYLL. Plaintiff did not receive wage notices either upon being hired or upon wage changes since the date of hiring in violation of the NYLL.

38.     Plaintiff and Class members did not receive wage statements that were in compliance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because they failed to provide proper wage statement due to the unpaid spread of hours premiums and the fact that Plaintiff and Class members were paid cash for hours exceeded forty (40) each week. As a result, Plaintiff and Class members would receive pay stubs without any information regarding their overtime hours worked. In other words, Plaintiff and Class members did not receive proper wage statements, as their statements failed to accurately reflect the number of hours worked and their proper compensation.

39.     Defendants knowingly and willfully failed to pay Plaintiff , FLSA Collective Plaintiffs, and the Class regular and overtime wages for all hours worked due to Defendants' time-shaving practices.

40.     Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premiums to Plaintiff and Class members, in violation of the NYLL.

41.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

42.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, in violation of the NYLL.

43.     During the past six (6) years, Plaintiff and Class Members would have a portion of their paycheck be paid in cash and were not given proper wage statements when they received their pay.

44.     As a result of Defendants paying Plaintiff and Class Members in cash, Defendants failed to withhold any of Plaintiff's and Class Members' wages for tax purposes.

45.     Defendants further failed to provide Plaintiff and Class Members with accurate W-2 tax statements..

46.     Defendants knew or should have known that they had a legal duty to withhold taxes from all of Plaintiff's and Class Members' earnings and to provide Plaintiff and Class Members with accurate W-2 tax statements for each tax year during which Plaintiff and Class Members worked.

47.     Defendants had a legal obligation to file accurate tax statements with the IRS.

48.     Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

49.     Plaintiff VELASQUEZ retained Lee Litigation Group, PLLC to represent Plaintiff and FLSA Collective Plaintiffs in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS**

50.     Plaintiff VELASQUEZ realleges by reference all allegations in the preceding paragraphs of this collective action Complaint as if fully set forth herein.

51.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

52.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

53.     At all relevant times, Defendants had gross annual revenues in excess of $500,000.00.

54.     At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

55.     At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

56.     Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

57.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

58.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

59.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premium, and an equal amount as liquidated damages.

60.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.


**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

**ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**

61.     Plaintiff VELASQUEZ realleges by reference all allegations in the preceding paragraphs of this collective action Complaint as if fully set forth herein.

62.     At all relevant times, Plaintiff and the Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

63.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the Class Members for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked, due to Defendants' policy of time-shaving.

64.     At all relevant times, Defendants willfully violated Plaintiff's and DLSA Collective Plaintiff's rights by refusing to compensate them spread of hours premiums required by the NYLL.

65.     Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

66.     Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to all non-exempt employees, in direct violation of the New York Labor Law.

67.     Defendants failed to provide proper wage statements with every payment issued to Plaintiff and the Class members, as required by New York Labor Law § 195(3).

68.     Due to Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid wages including overtime premium, unpaid spread of hours premiums, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

## COUNT III

## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS

## UNDER 26 U.S.C. § 7434(a)

69.     Plaintiff VELASQUEZ realleges by reference all allegations in the preceding paragraphs of this collective action Complaint as if fully set forth herein.

70.     By failing to provide Plaintiff and Class Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and Class Members as

compensation for all of the work Plaintiff and Class Members performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

71.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VELASQUEZ, on behalf of himself, FLSA Collective Plaintiffs, and the Class respectfully requests that this Court grant the following relief:

    a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    c.  An award of unpaid wages, including overtime compensation, due to Defendants' time-shaving policy under the FLSA and NYLL;

    d.  An award of unpaid spread of hours premiums due under the NYLL;

    e.  An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

    f.  An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages due to time-shaving, pursuant to the FLSA or NYLL;

g.  An award of damages as a result of Defendants' failure to comply with the Internal Revenue Code tax filing requirements;

h.  Cost attributable to resolving deficiencies;

i.  Damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

j.  That Defendants be ordered to take all the necessary steps to correct the information returns identified above;

k.  An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys', expert fees, and statutory penalties

l.  Designation of Plaintiff VELASQUEZ as Representative of the FLSA Collective Plaintiffs;

m.  Designation of this action as a class action pursuant to F.R.C.P. 23;

n.  Designation of Plaintiff VELASQUEZ as Representative of the Class; and

o.  Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury on all issues so triable as of right by jury.

Dated: New York, New York
       November 15, 2021

                    Respectfully submitted,

                    LEE LITIGATION GROUP, PLLC

              By: * /s/ C.K. Lee*
                    C.K. Lee (CL 4086)
                    Anne Seelig (AS 3976)
                    148 West 24th Street, 8th Floor
                    New York, NY 10011
                    Tel.: (212) 465-1188
                    Fax: (212) 465-1181
                    *Attorneys for Plaintiff,*
                    *FLSA Collective Plaintiffs,*
                    *and the Class*